## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al., ex rel.* STAN ELLIS, <br><br> Plaintiff-Relator, <br><br> v. <br><br> CVS HEALTH CORPORATION, *et al.*, <br><br> Defendants. | Case No. 2:16-cv-01582-GAM |

## ANSWER TO ORIGINAL QUI TAM COMPLAINT

WILLIAMS & CONNOLLY LLP
Enu Mainigi*
Craig Singer (PA Bar No. 71394)
Holly Conley*
Benjamin Hazelwood*
Alexander Peerman*
Natalie A. Komrovsky*
680 Maine Avenue, S.W.
Washington, DC 20024
(202) 434-5000
emainigi@wc.com
csinger@wc.com
hconley@wc.com
bhazelwood@wc.com
apeerman@wc.com
nkomrovsky@wc.com
* *pro hac vice*

*Attorneys for Defendant CVS Health Corp.*

## PRELIMINARY STATEMENT

Defendant CVS Health Corporation ("CVS"), by undersigned counsel, answers Relator Stan Ellis ("Relator")'s Original Qui Tam Complaint, as modified by the Court's Order granting in part and denying in part Defendant's Motion to Dismiss. Specifically, in response to the numbered paragraphs included in the Complaint, Defendant admits, denies, or otherwise responds to the allegations set forth below. All allegations are denied unless expressly admitted, and an admission to a portion of an allegation does not constitute an admission, either express or implied, to the remainder of the allegation.

In response to the Complaint's introductory paragraph, Defendant admits that Relator purports to bring this action on behalf of the United States and various states and municipalities. No response is required to the allegations against defendants other than CVS, which the Court has dismissed from this case. *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 5–6. No response is required with respect to the discussion of the claims under Maryland, New Hampshire, New York City, and Philadelphia law, which the Court has also dismissed. *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16–19.

## I.     INTRODUCTION[1]

1.      Defendant admits that Relator purports to bring this action on behalf of the United States under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and various states and municipalities under analogous state and municipal laws, but denies the characterization and validity of the action. No response is required to the allegations against defendants other than CVS, which the

---

[1] Defendant has included headings from the Complaint for organizational purposes. Their inclusion does not constitute an admission of any kind. Defendant has responded to any headings with substantive content as appropriate. To the extent any further response to the headings from the Complaint is required, Defendant denies the allegations in the headings of the Complaint.

Court has dismissed from this case.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 5–6.  No response is required to the claims under 31 U.S.C. § 3729(a)(3), the Maryland False Claims Act, Maryland False Health Claims Act of 2010, New Hampshire False Claims Act, New York City False Claims Act, and Philadelphia False Claims Act, which the Court has also dismissed.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16–19.  Defendant denies the remaining allegations of Paragraph 1.

2.      The first sentence of Paragraph 2 states conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of the first sentence of Paragraph 2 to the extent they are inconsistent with the underlying statutes and regulations.  Defendant denies the allegations in the second sentence of Paragraph 2.  The third sentence of Paragraph 2 purports to offer a definition of an "unbroken cold chain."  Defendant lacks sufficient knowledge and information to admit or deny the allegations of the third sentence of Paragraph 2 and, on that basis, denies them.  Defendant denies any remaining allegations of Paragraph 2.

3.      Defendant denies the allegations of Paragraph 3.

4.      The first sentence of Paragraph 4 purports to characterize the requirements of unidentified contracts, which speak for themselves, and does not provide sufficient information for those contracts to be identified; absent further specificity, Defendant also lacks knowledge and information sufficient to admit or deny the allegations of the first sentence of Paragraph 4 and, on that basis, denies them.  The second sentence of Paragraph 4 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations of the second sentence of Paragraph 4.  Defendant denies any remaining allegations of Paragraph 4.

5.      Defendant denies the allegations of Paragraph 5.

6.      Defendant denies the allegations of Paragraph 6.

7.      Defendant denies the allegations of Paragraph 7.

8.      Defendant denies the allegations of Paragraph 8.

9.      Defendant denies the allegations of Paragraph 9.

10.     Paragraph 10 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 10 to the extent they are inconsistent with the underlying statutes and regulations.

11.     The first sentence of Paragraph 11 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of the first sentence of Paragraph 11 to the extent they are inconsistent with the underlying statutes and regulations.  As for the second sentence of Paragraph 11, Defendant admits that Relator purports to seek damages and civil penalties on behalf of the United States and various states and municipalities, but denies the characterization and validity of the action.  Defendant denies any remaining allegations of Paragraph 11.

12.     Paragraph 12 states legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations of Paragraph 12.

13.     Defendant denies the allegations of Paragraph 13.

## II.   PARTIES

14.     Defendant admits that Relator purports to bring this action on behalf of the United States and various states and municipalities.  Defendant denies the remainder of the allegations in Paragraph 14.

15.     Defendant lacks sufficient knowledge and information to admit or deny the allegation of the first sentence of Paragraph 15 and, on that basis, denies it.  As for the second sentence of Paragraph 15, Defendant admits that Relator purports to seek relief pursuant to the instant *qui tam* suit, but denies the characterization and validity of the action.  Defendant lacks sufficient knowledge and information to admit or deny the allegations of the third sentence of Paragraph 15 and, on that basis, denies them.  Defendant denies any remaining allegations of Paragraph 15.

16.     Defendant admits that CVS is a publicly traded company.  Defendant admits that in or around September 2014, CVS changed its corporate name from CVS Caremark to CVS Health.  Defendant admits that CVS is a Delaware Corporation and is headquartered in Woonsocket, Rhode Island.  Defendant denies the remaining allegations of Paragraph 16.

17.     No response is required to the allegations of Paragraph 17, as these allegations relate to defendants other than CVS, which the Court has dismissed from this case.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 5–6.

18.     No response is required to the allegations of Paragraph 18, as these allegations relate to defendants other than CVS, which the Court has dismissed from this case.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 5–6.

19.     No response is required to the allegations of Paragraph 19, as these allegations relate to defendants other than CVS, which the Court has dismissed from this case.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 5–6.

20.     No response is required to the allegations of Paragraph 20, as these allegations relate to defendants other than CVS, which the Court has dismissed from this case.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 5–6.

21.     No response is required to the allegations of Paragraph 21, as these allegations relate to defendants other than CVS, which the Court has dismissed from this case.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 5–6.

## III.   JURISDICTION AND VENUE

22.     The first sentence of Paragraph 22 states conclusions of law to which no response is required.  To the extent a response is required, Defendant does not contest that this Court has jurisdiction over the subject matter of this action.  The second sentence of Paragraph 22 states conclusions of law to which no response is required; furthermore, Defendant lacks sufficient knowledge and information to admit or deny the assertion that there has been no statutorily relevant public disclosure of the allegations or transactions in the Complaint and, on that basis, denies it.  The third sentence of Paragraph 22 states conclusions of law to which no response is required; furthermore, Defendant lacks sufficient knowledge and information to admit or deny the assertion that Relator qualifies as an "original source" of the allegations in this Complaint and, on that basis, denies them.  Defendant denies any remaining allegations of Paragraph 22.

23.     Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 23 and, on that basis, denies them.  Paragraph 23 also purports to summarize statutory and regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 23 to the extent they are inconsistent with the underlying statutes and regulations. Defendant denies any remaining allegations of Paragraph 23.

24.     The first sentence of Paragraph 24 states conclusions of law to which no response is required.  To the extent a response is required, Defendant does not contest that this Court has personal jurisdiction over Defendant and that venue is proper in this Court.  Defendant denies the remaining allegations of Paragraph 24.

25.     Paragraph 25 states conclusions of law to which no response is required.  To the extent a response is required, Defendant does not contest that venue is proper in this Court. Defendant denies the remaining allegations of Paragraph 25.

## IV.    BACKGROUND

26.     Defendant admits that a subsidiary of CVS currently ships certain medications by mail to patients residing in all 48 contiguous U.S. States, Alaska, Hawaii, Guam, Puerto Rico, and the U.S. Virgin Islands.  Defendant admits that a subsidiary of CVS currently ships dozens of different types of medications.  Defendant denies any remaining allegations of Paragraph 26.

27.     The first sentence of Paragraph 27 purports to characterize or describe information from the CVS website, which speaks for itself.  Defendant denies the allegations in the second sentence of Paragraph 27.

28.     Paragraph 28 purports to vaguely describe a time period; absent further specificity, Defendant lacks sufficient knowledge and information to admit or deny the allegations and, on that basis, denies them.  Defendant denies any remaining allegations of Paragraph 28.

29.     Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 29 and, on that basis, denies them.

30.     Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 30 and, on that basis, denies them.

31.     Defendant admits that Relator contacted a CVS subsidiary in 2011 to market the Coldkeepers product.  Defendant admits that, in 2011, a CVS subsidiary used a packing method to ship medications that included EPS Styrofoam coolers.  Defendant denies any remaining allegations of Paragraph 31.

32.     The first sentence of Paragraph 32 purports to describe Relator's knowledge from personal experience; Defendant lacks sufficient knowledge of Relator's claimed knowledge to admit or deny the allegations of the first sentence of Paragraph 32 and, on that basis, denies them.  Regarding the second sentence of Paragraph 32, Defendant admits that Brad Zimmerly held the title of Director of Logistics between June 2011 and February 2014.  Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations contained in the second sentence of Paragraph 32 and, on that basis, denies them.  Defendant denies any remaining allegations of Paragraph 32.

33.     Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 33 and, on that basis, denies them.

34.     Defendant denies the allegations of Paragraph 34.

35.     Defendant denies the allegations of Paragraph 35.

36.     Defendant denies the allegations of Paragraph 36.

37.     Defendant denies the allegations of Paragraph 37.

38.     Defendant denies the allegations of Paragraph 38.

39.     Defendant denies the allegations of the first sentence of Paragraph 39.  The second sentence of Paragraph 39 purports to describe the contents of an email, which speaks for itself.

40.     Defendant denies the allegations of Paragraph 40.

41.     Defendant admits that a CVS subsidiary conducted independent testing of shipping methods.  Otherwise, Defendant denies the allegations of Paragraph 41.

42.     Defendant denies the allegations of Paragraph 42.

43.     Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 43 and, on that basis, denies them.

44.     Defendant denies the allegations of the first sentence of Paragraph 44.  The second sentence of Paragraph 44 purports to describe the contents of an email, which speaks for itself.  Defendant denies any remaining allegations of Paragraph 44.

A.     **CVS Begins Uses [sic] Coldkeeper's Packing Methods at Some Shipping Facilities**

45.     Defendant denies the allegations of Paragraph 45.

46.     Defendant admits that Coldkeepers submitted a response to a Request for Proposal ("RFP") in 2012 proposing that a CVS subsidiary use Coldkeepers' urethane foam flexible cooler as a method for shipping certain pharmaceutical products.  Defendant denies any remaining allegations of Paragraph 46.

47.     Defendant admits that in or around April 2013, Coldkeepers began to supply a CVS subsidiary with urethane foam flexible coolers for use by some pharmacies operated by a CVS subsidiary.  Defendant denies any remaining allegations of Paragraph 47.

48.     Paragraph 48 purports to describe the knowledge of Relator; Defendant lacks sufficient knowledge of Relator's claimed knowledge to admit or deny the allegations of Paragraph 48 and, on that basis, denies them.

49.     The first sentence of Paragraph 49 purports to describe the knowledge of Relator; Defendant lacks sufficient knowledge of Relator's claimed knowledge to admit or deny the allegations of the first sentence of Paragraph 49 and, on that basis, denies them.  Regarding the second sentence of Paragraph 49, Defendant admits that Staples supplied the Styrofoam coolers a CVS subsidiary used to ship medications in 2013.  Regarding the third sentence of Paragraph 49,

Defendant admits that a CVS subsidiary provided PBM services to Staples' health insurance plan in 2013.  Defendant denies any remaining allegations of Paragraph 49.

50.     Defendant denies the allegations of Paragraph 50.

51.     Defendant admits that the Coldkeepers' packing system required additional time and labor, in addition to many other problems with Coldkeepers' product and service.  To the extent this paragraph vaguely alludes to unidentified statements by unidentified executives in unidentified formats, CVS is without sufficient information to admit or deny the allegations and, to the extent these allegations are referring to written communications, those documents speak for themselves.  Defendant denies any remaining allegations of Paragraph 51.

52.     Defendant admits that Coldkeepers ceased supplying a CVS subsidiary with packing products by May 2014, after a CVS subsidiary terminated its relationship with Coldkeepers.  Defendant denies the remaining allegations of Paragraph 52.

53.     The first sentence of Paragraph 53 purports to describe the actions of Relator; Defendant lacks sufficient knowledge and information to admit or deny the allegations of the first sentence of Paragraph 53 and, on that basis, denies them.  Regarding the second sentence of Paragraph 53, Defendant admits that a CVS subsidiary operates a specialty pharmacy located in Monroeville, Pennsylvania, which used the Coldkeepers product to ship certain medications during parts of 2013 and 2014.  Defendant further admits that this facility has used packaging methods that use EPS Styrofoam coolers to ship certain medications since 2014.  Regarding the third sentence of Paragraph 53, Defendant admits that a CVS subsidiary currently uses a packaging method that includes an EPS Styrofoam cooler that is supplied by Staples.  Defendant denies that this packaging system is the same as the one used in 2013, and denies any remaining allegations of Paragraph 53.

V.    **APPLICABLE LAW**

    A. **Federal Statutes and FDA Regulations Pertaining To Cold Chain And The Adulteration of Pharmaceuticals**[2]

    54.    No response is required to the allegations of Paragraph 54, which relate to claims that the Court has dismissed from this case. *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 7–9.

    55.    No response is required to the allegations of Paragraph 55, which relate to claims that the Court has dismissed from this case. *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 7–9.

    56.    No response is required to the allegations of Paragraph 56, which relate to claims that the Court has dismissed from this case. *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 7–9.

    57.    No response is required to the allegations of Paragraph 57, which relate to claims that the Court has dismissed from this case. *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 7–9.

    58.    No response is required to the allegations of Paragraph 58, which relate to claims that the Court has dismissed from this case. *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 7–9.

    59.    No response is required to the allegations of Paragraph 59, which relate to claims that the Court has dismissed from this case. *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 7–9.

---

[2] Header V.A. purports to characterize or describe statutory and regulatory provisions and to state conclusions of law to which no response is required. To the extent a response is required, Defendant denies any allegations of Header V.A.

60.     No response is required to the allegations of Paragraph 60, which relate to claims that the Court has dismissed from this case.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 7–9.

61.     No response is required to the allegations of Paragraph 61, which relate to claims that the Court has dismissed from this case.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 7–9.

### 1.     Prescription Drug Reimbursement in Federal Health Care Programs

### a.  The Medicaid Act

62.     Paragraph 62 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 62 to the extent they are inconsistent with the underlying statutes and regulations.

63.     Paragraph 63 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 63 to the extent they are inconsistent with the underlying statutes and regulations.

64.     Paragraph 64 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 64 to the extent they are inconsistent with the underlying statutes and regulations.

65.     Paragraph 65 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 65 to the extent they are inconsistent with the underlying statutes and regulations.

66.     Paragraph 66 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 66 to the extent they are inconsistent with the underlying statutes and regulations.

67.     Paragraph 67 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 67 to the extent they are inconsistent with the underlying statutes and regulations.

### b.  Other Federal Health Care Programs

68.     The first sentence of Paragraph 68 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of the first sentence of Paragraph 68 to the extent they are inconsistent with the underlying statutes and regulations.  Defendant denies the allegations of the second sentence of Paragraph 68.

## VI.   CVS HEALTH ENTITIES IN MEDICARE PART D PROGRAM

69.     Paragraph 69 purports to characterize statements CVS allegedly made without describing the supposed source; absent further specificity, Defendant lacks knowledge and information sufficient to admit or deny the allegations of the first sentence of Paragraph 69 and, on that basis, denies them.  To the extent that Relator is purporting to characterize or describe a document or website, the source speaks for itself.  Defendant admits that CVS subsidiaries have collectively dispensed over one billion prescriptions since 2007.  Defendant denies any remaining allegations of Paragraph 69.

70.     No response is required to the allegations of Paragraph 70, as these allegations relate to defendants other than CVS, which the Court has dismissed from this case. *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 5–6.

71.     No response is required to the allegations of Paragraph 71, as these allegations relate to defendants other than CVS, which the Court has dismissed from this case. *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 5–6.

72.     No response is required to the allegations of Paragraph 72, as these allegations relate to defendants other than CVS, which the Court has dismissed from this case. *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 5–6.

73.     No response is required to the allegations of Paragraph 73, as these allegations relate to defendants other than CVS, which the Court has dismissed from this case. *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 5–6.

74.     No response is required to the allegations of Paragraph 74, as these allegations relate to defendants other than CVS, which the Court has dismissed from this case. *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 5–6.

75.     No response is required to the allegations of Paragraph 75, as these allegations relate to defendants other than CVS, which the Court has dismissed from this case. *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 5–6.

76.     No response is required to the allegations of Paragraph 76, as these allegations relate to defendants other than CVS, which the Court has dismissed from this case. *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 5–6.

77.     No response is required to the allegations of Paragraph 77, as these allegations relate to defendants other than CVS, which the Court has dismissed from this case.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 5–6.

78.     No response is required to the allegations of Paragraph 78, as these allegations relate to defendants other than CVS, which the Court has dismissed from this case.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 5–6.

## VII.   ALLEGATIONS

### A.     Defendant CVS Knowingly and Intentionally Has Shipped And Continues to Ship Adulterated And Defective "Flash Frozen" Pharmaceuticals To Patients That Receive Pharmaceuticals Pursuant To Federally Funded Programs.[3]

79.     Defendant denies the allegations of Paragraph 79.

80.     Defendant denies the allegations of Paragraph 80.

81.     Defendant denies the allegations of Paragraph 81.

82.     Defendant denies the allegations of Paragraph 82.

83.     Defendant admits that a CVS subsidiary ships Humira to patients.  The remainder of the allegations in Paragraph 83 purport to quote from the Humira Medication Guide, which speaks for itself.  To the extent a further response is required, Defendant denies the remaining allegations of Paragraph 83.

84.     Paragraph 84 purports to characterize or describe unspecified "published data"; absent further specificity, Defendant lacks knowledge and information sufficient to admit or deny the allegations of Paragraph 84 about those publications and, on that basis, denies them.  To the extent a further response is required, Defendant denies the remaining allegations of Paragraph 84.

---

[3] Defendant denies the allegations of Header VII.A.

85.     Defendant admits that a CVS subsidiary ships Enbrel to patients.  The remainder of the allegations in Paragraph 85 purport to quote from the Enbrel Medication Guide, which speaks for itself.  To the extent a further response is required, Defendant denies the remaining allegations of Paragraph 85.

86.     Defendant admits that a CVS subsidiary ships Copaxone to patients.  The remainder of the allegations in Paragraph 86 purport to quote from the Copaxone Medication Guide, which speaks for itself.  To the extent a further response is required, Defendant denies the remaining allegations of Paragraph 86.

87.     No response is required to the allegations of Paragraph 87, which relate to claims that the Court has dismissed from this case.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 15.

88.     Defendant denies the allegations of Paragraph 88.

## VIII.   GOVERNMENT FUNDED HEALTHCARE PROGRAMS WERE DAMAGED BY PAYING FALSE CLAIMS FOR DAMAGED AND ADULTERATED FLASH FROZEN PHARMACEUTICALS SHIPPED BY DEFENDANT CVS[4]

89.     Paragraph 89 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 89 to the extent they are inconsistent with the underlying statutes and regulations.

90.     Paragraph 90 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 90 to the extent they are inconsistent with the underlying statutes and regulations.

---

[4] Defendant denies the allegations of Header VIII.

91.     Paragraph 91 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 91 to the extent they are inconsistent with the underlying statutes and regulations.

### A.     Medicaid

92.     Paragraph 92 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 92 to the extent they are inconsistent with the underlying statutes and regulations.

93.     Paragraph 93 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 93 to the extent they are inconsistent with the underlying statutes and regulations.

### B.     Medicare and Medicare Part D

94.     Paragraph 94 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 94 to the extent they are inconsistent with the underlying statutes and regulations.

95.     Paragraph 95 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 95 to the extent they are inconsistent with the underlying statutes and regulations.

96.     Paragraph 96 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required,

Defendant denies the allegations of Paragraph 96 to the extent they are inconsistent with the underlying statutes and regulations.

97.     Paragraph 97 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 97 to the extent they are inconsistent with the underlying statutes and regulations.

98.     Defendant denies the allegations of Paragraph 98.

**C.     The Railroad Retirement Medicare Program**

99.     Paragraph 99 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 99 to the extent they are inconsistent with the underlying statutes and regulations.

100.    Defendant denies the allegations of Paragraph 100.

**D.     Federal Employee Health Benefit Plans**

101.    Paragraph 101 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 101 to the extent they are inconsistent with the underlying statutes and regulations.

102.    Defendant denies the allegations of Paragraph 102.

**E.     Tri-Care**

103.    Paragraph 103 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 103 to the extent they are inconsistent with the underlying statutes and regulations.

104.    Defendant denies the allegations of Paragraph 104.

**F.    The Veterans Administration**

105.    Paragraph 105 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 105 to the extent they are inconsistent with the underlying statutes and regulations.

106.    Paragraph 106 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 106 to the extent they are inconsistent with the underlying statutes and regulations.

107.    Paragraph 107 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 107 to the extent they are inconsistent with the underlying statutes and regulations.

108.    Paragraph 108 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 108 to the extent they are inconsistent with the underlying statutes and regulations.

109.    Defendant denies the allegations of Paragraph 109.

**G.    Indian Health Service**

110.    Paragraph 110 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 110 to the extent they are inconsistent with the underlying statutes and regulations.

18

### H.      State Legal Immigrant Assistance Grants

111.      Paragraph 111 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 111 to the extent they are inconsistent with the underlying statutes and regulations.

112.      Defendant denies the allegations of Paragraph 112.

### COUNT ONE

### Violations of Federal False Claims Act
### 31 U.S.C. § 3729(a)(1)[5]

113.      Defendant admits that Relator purports to bring this action in the name of the United States under the *qui tam* provisions of 31 U.S.C. § 3730.  Defendant denies any remaining allegations of Paragraph 113.  Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 112 above.

114.      Defendant denies the allegations of Paragraph 114.

115.      Defendant denies the allegations of Paragraph 115.

116.      Defendant denies the allegations of Paragraph 116.

117.      Defendant lacks sufficient knowledge of Relator's belief to admit or deny the allegations of Paragraph 117 and, on that basis, denies them.

---

[5] Relator's footnote to Count One purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of the footnote to Count One to the extent they are inconsistent with the underlying statutes and regulations.

## COUNT TWO

**Violations of False Claims Act
31 U.S.C. § 3729(a)(2)[6]**

118.    Defendant admits that Relator purports to bring this action in the name of the

United States under the *qui tam* provisions of 31 U.S.C. § 3730.  Defendant denies any

remaining allegations of Paragraph 118.  Defendant repeats and incorporates by reference its

responses to Paragraphs 1 through 117 above.

119.    Defendant denies the allegations of Paragraph 119.

120.    Defendant denies the allegations of Paragraph 120.

121.    Defendant denies the allegations of Paragraph 121.

122.    Defendant lacks sufficient knowledge of Relator's belief to admit or deny the

allegations of Paragraph 122 and, on that basis, denies them.

## COUNT THREE

**Violations of the False Claims Act
31 U.S.C. § 3729(a)(3)[7]**

123.    Paragraph 123 relates to counts that have been dismissed by this Court.  *See* D.E.

48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 7–9.

124.    Paragraph 124 relates to counts that have been dismissed by this Court.  *See* D.E.

48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 7–9.

---

[6] Relator's footnote to Count Two purports to summarize statutory or regulatory provisions and
to state conclusions of law to which no response is required.  To the extent a response is
required, Defendant denies the allegations of the footnote to Count Two to the extent they are
inconsistent with the underlying statutes and regulations.

[7] Relator's Footnote to Count Three relates to counts that have been dismissed by this Court.  *See*
D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 7–9.

125.    Paragraph 125 relates to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 7–9.

126.    Paragraph 126 relates to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 7–9.

127.    Paragraph 127 relates to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 7–9.

<u>**COUNT FOUR**</u>

**Violations of the California False Claims Act**
**Ca. Government Code § 12650 *et seq.***

128.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 127 above.

129.    Defendant admits that Relator purports to bring this action in the name of the State of California under the *qui tam* provisions of the California False Claims Act, California Government Code § 12651(a), pursuant to which Relator seeks treble damages and civil penalties.  Paragraph 129 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 129 to the extent they are inconsistent with the underlying statutes and regulations.

130.    Defendant admits that, at times between 2011 and the present, a CVS subsidiary has sold and shipped pharmaceuticals, including biologics, to patients residing in the State of California.

131.    Paragraph 131 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required,

21

Defendant denies the allegations of Paragraph 131 to the extent they are inconsistent with the underlying statutes and regulations.

132.    Defendant denies the allegations of Paragraph 132.

133.    Defendant denies the allegations of Paragraph 133.

134.    Defendant denies the allegations of Paragraph 134.

135.    Defendant denies the allegations of Paragraph 135.

## **COUNT FIVE**

**Colorado Medicaid False Claims Act**
**Colo. Rev. Stat. § 25.5-1-104 *et seq.***

136.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 136 above.

137.    Defendant admits that Relator purports to bring this action under the Colorado Medicaid False Claims Act, pursuant to which Relator seeks treble damages and penalties. Paragraph 137 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 137 to the extent they are inconsistent with the underlying statutes and regulations.

138.    Defendant denies the allegations of Paragraph 138.

139.    Defendant denies the allegations of Paragraph 139.

140.    Defendant denies the allegations of Paragraph 140.

141.    Defendant denies the allegations of Paragraph 141.

142.    Defendant denies the allegations of Paragraph 142.

## COUNT SIX

**Connecticut False Claims Act
Chapter 319v, Sec. 17b-301 *et seq.***

143.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 142 above.

144.    Defendant admits that Relator purports to bring this action under the Connecticut False Claims Act, pursuant to which Relator seeks treble damages and penalties.  Paragraph 144 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 144 to the extent they are inconsistent with the underlying statutes and regulations.

145.    Defendant denies the allegations of Paragraph 145.

146.    Defendant denies the allegations of Paragraph 146.

147.    Defendant denies the allegations of Paragraph 147.

148.    Defendant denies the allegations of Paragraph 148.

149.    Defendant denies the allegations of Paragraph 149.

## COUNT SEVEN

**Violations of the Delaware False Claims Act
Del. Stat. Tit. VI § 1201**

150.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 149 above.  Defendant admits that Relator purports to bring this action in the name of the State of Delaware under the *qui tam* provisions of the Delaware False Claims and Reporting Act, Delaware Statute Title VI, Section 1201.  Paragraph 150 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 150 to the extent they are inconsistent with the underlying statutes and regulations.

151.    Defendant admits that, at times between 2011 and the present, a CVS subsidiary has sold and shipped pharmaceuticals to patients residing in the State of Delaware.

152.    Paragraph 152 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 152 to the extent they are inconsistent with the underlying statutes and regulations.

153.    Paragraph 153 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 153 to the extent they are inconsistent with the underlying statutes and regulations.

154.    Paragraph 154 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 154 to the extent they are inconsistent with the underlying statutes and regulations.

155.    Defendant denies the allegations of Paragraph 155.

156.    Defendant denies the allegations of Paragraph 156.

157.    Defendant denies the allegations of Paragraph 157.

## COUNT EIGHT

### District of Columbia False Claims Act
### D.C. Code Ann. § 2-308.14(a)(1)–(3), (7)

158.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 157 above.

159.    Defendant admits that Relator purports to bring this action under the District of Columbia False Claims Act, pursuant to which Relator seeks treble damages and penalties.

Paragraph 159 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 159 to the extent they are inconsistent with the underlying statutes and regulations.

160.    Defendant denies the allegations of Paragraph 160.

161.    Defendant denies the allegations of Paragraph 161.

162.    Defendant denies the allegations of Paragraph 162.

163.    Defendant denies the allegations of Paragraph 163.

164.    Defendant denies the allegations of Paragraph 164.

165.    Defendant denies the allegations of Paragraph 165.

**COUNT NINE**

**Violations of the Florida False Claims Act**
**Fl. Stat. §§ 68.081–68.09**

166.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 165 above.

167.    Defendant admits that Relator purports to bring this action in the name of the State of Florida under the *qui tam* provisions of the Florida False Claims Act, Fl. Stat. §§ 68.081–68.09.  Paragraph 167 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 167 to the extent they are inconsistent with the underlying statutes and regulations.

168.    Defendant admits that, at times between 2011 and the present, a CVS subsidiary has sold and shipped pharmaceuticals to patients residing in the State of Florida.

169.     Paragraph 169 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 169 to the extent they are inconsistent with the underlying statutes and regulations.

170.     Defendant denies the allegations of Paragraph 170.

171.     Defendant denies the allegations of Paragraph 171.

172.     Defendant denies the allegations of Paragraph 172.

173.     Defendant denies the allegations of Paragraph 173.

## COUNT TEN

**Violations of the Georgia State False Medicaid Claims Act**
**O.C.G.A. § 49-4-168 *et seq.***

174.     Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 173 above.

175.     Defendant admits that Relator purports to bring this *qui tam* action in the name of the State of Georgia under the Georgia State False Medicaid Claims Act, O.C.G.A. § 49-4-168 *et seq.*, pursuant to which Relator seeks treble damages, civil penalties, and the cost of this action. Paragraph 175 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 175 to the extent they are inconsistent with the underlying statutes and regulations.

176.     Defendant admits that, at times between 2011 and the present, a CVS subsidiary has sold and shipped pharmaceuticals to patients residing in the State of Georgia.

177.     Paragraph 177 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required,

Defendant denies the allegations of Paragraph 177 to the extent they are inconsistent with the underlying statutes and regulations.

178.    Defendant denies the allegations of Paragraph 178.

179.    Defendant denies the allegations of Paragraph 179.

180.    Defendant denies the allegations of Paragraph 180.

181.    Defendant denies the allegations of Paragraph 181.

182.    Defendant denies the allegations of Paragraph 182.

183.    Defendant denies the allegations of Paragraph 183.

184.    Defendant denies the allegations of Paragraph 184.

185.    Defendant denies the allegations of Paragraph 185.

186.    Defendant denies the allegations of Paragraph 186.

187.    Defendant denies the allegations of Paragraph 187.

188.    Defendant admits that Relator purports to bring this action on behalf of himself and the State of Georgia under the Georgia State False Medicaid Claims Act.  Defendant lacks sufficient knowledge of Relator's claimed knowledge to admit or deny the remaining allegations of Paragraph 188 and, on that basis, denies them.

189.    Paragraph 189 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 189 to the extent they are inconsistent with the underlying statutes and regulations.

## COUNT ELEVEN

### Violations of the Hawaii False Claims Act
### Haw. Rev. Stat. § 661-21 *et seq.*

190.     Defendant repeats and incorporates by reference its responses to Paragraphs 1

through 189 above.  Defendant admits that Relator purports to bring this action in the name of

the State of Hawaii under the *qui tam* provisions of the Hawaii False Claims Act, Haw. Rev.

Stat. § 661-21 *et seq.*  Paragraph 190 purports to summarize statutory or regulatory provisions

and state conclusions of law to which no response is required.  To the extent a response is

required, Defendant denies the allegations of Paragraph 190 to the extent they are inconsistent

with the underlying statutes and regulations.

191.     Defendant admits that, at times between 2011 and the present, a CVS subsidiary

has sold and shipped  pharmaceuticals to patients residing in the State of Hawaii.

192.     Paragraph 192 purports to summarize statutory or regulatory provisions and to

state conclusions of law to which no response is required.  To the extent a response is required,

Defendant denies the allegations of Paragraph 192 to the extent it is inconsistent with the

underlying statutes and regulations.

193.     Defendant denies the allegations of Paragraph 193.

194.     Defendant denies the allegations of Paragraph 194.

195.     Defendant denies the allegations of Paragraph 195.

196.     Defendant denies the allegations of Paragraph 196.

## COUNT TWELVE

### Violations of the Illinois Whistleblower Reward and Protection Act
### 740 ILCS 175/1 *et seq.*

197.     Defendant repeats and incorporates by reference its responses to Paragraphs 1

through 196 above.  Defendant admits that Relator purports to bring this action in the name of

the State of Illinois under the *qui tam* provisions of 740 ILCS 175/4, but denies the characterization and validity of the action.  Paragraph 197 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 197 to the extent they are inconsistent with the underlying statutes and regulations.

198.    Defendant admits that, at times between 2011 and the present, a CVS subsidiary has sold and shipped pharmaceuticals to patients residing in the State of Illinois.

199.    Paragraph 199 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 199 to the extent they are inconsistent with the underlying statutes and regulations.

200.    Defendant denies the allegations of Paragraph 200.

201.    Defendant denies the allegations of Paragraph 201.

202.    Defendant denies the allegations of Paragraph 202.

203.    Defendant denies the allegations of Paragraph 203.

## COUNT THIRTEEN

### Violations of the Indiana False Claims and Whistleblower Act
### (IC 5-11-5.5 *et seq.*)

204.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 203 above.

205.    Defendant admits that Relator purports to bring this action in the name of the State of Indiana under the *qui tam* provisions of IC 5-11-5.5-4, but denies the characterization and validity of the action.  Paragraph 205 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a

response is required, Defendant denies the allegations of Paragraph 205 to the extent they are inconsistent with the underlying statutes and regulations.

206.    Defendant admits that, at times between 2011 and the present, a CVS subsidiary has sold and shipped pharmaceuticals to patients residing in the State of Indiana.

207.    Paragraph 207 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 207 to the extent they are inconsistent with the underlying statutes and regulations.

208.    Defendant denies the allegations of Paragraph 208.

209.    Defendant denies the allegations of Paragraph 209.

210.    Defendant denies the allegations of Paragraph 210.

211.    Defendant denies the allegations of Paragraph 211.

212.    Defendant denies the allegations of Paragraph 212.

## COUNT FOURTEEN

### Iowa Medicaid False Claims Act
### Iowa Code Ann. § 685.1 *et seq.*

213.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 212 above.

214.    Defendant admits that Relator purports to bring this action on behalf of the State of Iowa under the Iowa Medicaid False Claims Act, Iowa Code § 685.1 *et seq.*, pursuant to which Relator seeks treble damages and penalties.  Paragraph 214 purports to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 214 to the extent they are inconsistent with the underlying statutes and regulations.

215.    Defendant denies the allegations of Paragraph 215.

216.    Defendant denies the allegations of Paragraph 216.

217.    Defendant denies the allegations of Paragraph 217.

218.    Defendant denies the allegations of Paragraph 218.

219.    Defendant denies the allegations of Paragraph 219.

## COUNT FIFTEEN

**Violations of the Louisiana Medical Assistance Programs Integrity Law
Louisiana Rev. Stat. § 437 *et seq.***

220.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 219 above.  Defendant admits that Relator purports to bring this action in the name of the State of Louisiana under the *qui tam* provisions of the Louisiana Medical Assistance Programs Integrity Law, Louisiana Rev. Stat. § 437 *et seq*.  Paragraph 220 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 220 to the extent they are inconsistent with the underlying statutes and regulations.

221.    Defendant admits that, at times between 2011 and the present, a CVS subsidiary has sold and shipped  pharmaceuticals to patients residing in the State of Louisiana.

222.    Paragraph 222 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 222 to the extent they are inconsistent with the underlying statutes and regulations.

223.    Defendant denies the allegations of Paragraph 223.

224.    Defendant denies the allegations of Paragraph 224.

225.    Defendant denies the allegations of Paragraph 225.

226.     Defendant denies the allegations of Paragraph 226.

## COUNT SIXTEEN

**Maryland False Health Claims Act of 2010**
**Subtitle 6, False Claims Against State Health Plans and**
**State Health Programs, § 2-601 *et seq.***

227.     No response is required to the allegations of Paragraph 227, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

228.     No response is required to the allegations of Paragraph 228, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

229.     No response is required to the allegations of Paragraph 229, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

230.     No response is required to the allegations of Paragraph 230, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

231.     No response is required to the allegations of Paragraph 231, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

232.     No response is required to the allegations of Paragraph 232, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

233.     No response is required to the allegations of Paragraph 233, which relate to counts

that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47

(Memorandum) at 16.

## **COUNT SEVENTEEN**

**Violations of the Massachusetts False Claims Act**
**Massachusetts Gen. Laws c.12 § 5(A)**

234.     Defendant repeats and incorporates by reference its responses to Paragraphs 1

through 233 above.  Defendant admits that Relator purports to bring this action in the name of

the State of Massachusetts under the *qui tam* provisions of the Massachusetts False Claims Act,

Massachusetts Gen. Laws c.12 § 5(A).  Paragraph 234 purports to summarize statutory or

regulatory provisions and state conclusions of law to which no response is required.  To the

extent a response is required, Defendant denies the allegations of Paragraph 234 to the extent

they are inconsistent with the underlying statutes and regulations.

235.     Defendant admits that, at times between 2011 and the present, a CVS subsidiary

has sold and shipped pharmaceuticals to patients residing in the State of Massachusetts.

236.     Paragraph 236 purports to summarize statutory or regulatory provisions and to

state conclusions of law to which no response is required.  To the extent a response is required,

Defendant denies the allegations of Paragraph 236 to the extent they are inconsistent with the

underlying statutes and regulations.

237.     Defendant denies the allegations of Paragraph 237.

238.     Defendant denies the allegations of Paragraph 238.

239.     Defendant denies the allegations of Paragraph 239.

240.     Defendant denies the allegations of Paragraph 240.

## COUNT EIGHTEEN

### Violations of the Michigan Medicaid False Claims Act
### (M.C.L.A. 400.601 *et seq.*)

241.     Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 240 above.  Defendant admits that Relator purports to bring this action in the name of the State of Michigan under the *qui tam* provisions of the Michigan Medicaid False Claims Act, M.C.L.A. 400.601 *et seq.*  Paragraph 241 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 241 to the extent they are inconsistent with the underlying statutes and regulations.

242.     Defendant admits that, at times between 2011 and the present, a CVS subsidiary has sold and shipped pharmaceuticals to patients residing in the State of Michigan.

243.     Defendant denies the allegations of Paragraph 243.

244.     Defendant denies the allegations of Paragraph 244.

245.     Defendant denies the allegations of Paragraph 245.

246.     Defendant denies the allegations of Paragraph 246.

247.     Defendant denies the allegations of Paragraph 247.

248.     Defendant denies the allegations of Paragraph 248.

## COUNT NINETEEN

### Violations of Michigan Public Acts, 1977 PA 72, as amended by 1984 PA 333,
### as amended by 2005 PA 337, as amended by 2008 PA 421

249.     No response is required to the allegations of Paragraph 249, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

250.    No response is required to the allegations of Paragraph 250, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

251.    No response is required to the allegations of Paragraph 251, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

252.    No response is required to the allegations of Paragraph 252, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

253.    No response is required to the allegations of Paragraph 253, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

254.    No response is required to the allegations of Paragraph 254, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

255.    No response is required to the allegations of Paragraph 255, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

256.    No response is required to the allegations of Paragraph 256, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

257.    No response is required to the allegations of Paragraph 257, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

258.    No response is required to the allegations of Paragraph 258, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

259.    No response is required to the allegations of Paragraph 259, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

260.    No response is required to the allegations of Paragraph 260, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

261.    No response is required to the allegations of Paragraph 261, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

262.    No response is required to the allegations of Paragraph 262, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 16.

## **COUNT TWENTY**

**Minnesota False Claims Act**
**Minn. Stat. § 15C.01 *et seq.***

263.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 262 above.

264.     Defendant admits that Relator purports to bring this action under the Minnesota False Claims Act, pursuant to which Relator seeks treble damages and penalties.  Paragraph 264 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 264 to the extent they are inconsistent with the underlying statutes and regulations.

265.     Defendant denies the allegations of Paragraph 265.

266.     Defendant denies the allegations of Paragraph 266.

267.     Defendant denies the allegations of Paragraph 267.

268.     Defendant denies the allegations of Paragraph 268.

269.     Defendant denies the allegations of Paragraph 269.

## COUNT TWENTY-ONE

### Violations of the Montana False Claims Act
### 2005 Mont. Code, CH. 465, HB 146, *et seq.*

270.     Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 269 above.  Defendant admits that Relator purports to bring this action in the name of the State of Montana under the *qui tam* provisions of the Montana False Claims Act, 2005 Mont. Code, CH. 465, HB 146, *et seq.*  Paragraph 270 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 270 to the extent they are inconsistent with the underlying statutes and regulations.

271.     Defendant admits that, at times between 2011 and the present, a CVS subsidiary has sold and shipped pharmaceuticals to patients residing in the State of Montana.

272.     Paragraph 272 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required,

Defendant denies the allegations of Paragraph 272 to the extent they are inconsistent with the underlying statutes and regulations.

273.    Defendant denies the allegations of Paragraph 273.

274.    Defendant denies the allegations of Paragraph 274.

275.    Defendant denies the allegations of Paragraph 275.

276.    Defendant denies the allegations of Paragraph 276.

277.    Defendant denies the allegations of Paragraph 277.

278.    Defendant denies the allegations of Paragraph 278.

279.    Defendant denies the allegations of Paragraph 279.

280.    Defendant denies the allegations of Paragraph 280.

## COUNT TWENTY-TWO

### Violations of the Nevada False Claims Act
### Nevada Rev. Stat. § 357.010 *et seq.*

281.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 280 above.

282.    Defendant admits that Relator purports to bring this action in the name of the State of Nevada under the *qui tam* provisions of Nevada Rev. Stat. § 357.010 *et seq.*, "Submission of False Claims to State or Local Government."  Paragraph 282 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 282 to the extent they are inconsistent with the underlying statutes and regulations.

283.    Defendant admits that, at times between 2011 and the present, a CVS subsidiary has sold and shipped pharmaceuticals to patients residing in the State of Nevada.

284.    Defendant denies the allegations of Paragraph 284.

285.     Defendant denies the allegations of Paragraph 285.

286.     Defendant denies the allegations of Paragraph 286.

287.     Defendant denies the allegations of Paragraph 287.

288.     Defendant denies the allegations of Paragraph 288.

289.     Defendant denies the allegations of Paragraph 289.

## COUNT TWENTY-THREE

**Violations of the New Hampshire False Claims Act**
**167:61-b *et seq.***

290.     Paragraph 290 relates to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17.

291.     Paragraph 291 relates to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17.

292.     Paragraph 292 relates to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17.

293.     Paragraph 293 relates to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17.

294.     Paragraph 294 relates to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17.

295.     Paragraph 295 relates to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17.

296.     Paragraph 296 relates to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17.

297.     Paragraph 297 relates to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17.

## COUNT TWENTY-FOUR

**Violations of the New Jersey False Claims Act**
**N.J. Stat. § 2A:32C-1**

298.     Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 297 above.

299.     Defendant admits that Relator purports to bring this *qui tam* action on behalf of the State of New Jersey under the New Jersey False Claims Act, pursuant to which Relator seeks treble damages, civil penalties, and the cost of this action.  Paragraph 299 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 299 to the extent they are inconsistent with the underlying statutes and regulations.

300.     Defendant denies the allegations of Paragraph 300.

301.     Paragraph 301 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 301 to the extent they are inconsistent with the underlying statutes and regulations.

302.     Defendant denies the allegations of Paragraph 302.

303.     Defendant denies the allegations of Paragraph 303.

304.     Defendant denies the allegations of Paragraph 304.

305.     Defendant denies the allegations of Paragraph 305.

306.     Defendant denies the allegations of Paragraph 306.

307.     Defendant denies the allegations of Paragraph 307.

308.     Defendant denies the allegations of Paragraph 308.

309.     Defendant denies the allegations of Paragraph 309.

310.    Defendant denies the allegations of Paragraph 310.

311.    Defendant denies the allegations of Paragraph 311.

312.    Defendant denies the allegations of Paragraph 312.

313.    Defendant denies the allegations of Paragraph 313.

314.    Paragraph 314 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 314 to the extent they are inconsistent with the underlying statutes and regulations.

## COUNT TWENTY-FIVE

### Violations of the New Mexico Medicaid False Claims Act
### N.M. Stat. Ann. § 27-14-1 *et seq.*

315.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 314 above.  Defendant admits that Relator purports to bring this action in the name of the State of New Mexico under the *qui tam* provisions of the New Mexico Medicaid False Claims Act § 27-14-1 *et seq.*  Paragraph 315 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 315 to the extent they are inconsistent with the underlying statutes and regulations.

316.    Defendant admits that, at times between 2011 and the present, a CVS subsidiary has sold and shipped pharmaceuticals to patients residing in the State of New Mexico.

317.    Defendant denies the allegations of Paragraph 317.

318.    Defendant denies the allegations of Paragraph 318.

319.    Defendant denies the allegations of Paragraph 319.

320.    Defendant denies the allegations of Paragraph 320.

321.    Defendant denies the allegations of Paragraph 321.

322.    Defendant denies the allegations of Paragraph 322.

## COUNT TWENTY-SIX

**Violations of the New Mexico Fraud Against Taxpayers Act
N.M. Stat. § 44-9-1 *et seq.***

323.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 322 above.

324.    Defendant admits that Relator purports to bring this *qui tam* action on behalf of the State of New Mexico under New Mexico Fraud Against Taxpayers Act, N.M. Stat. Ann. § 44-9-1, pursuant to which Relator seeks treble damages, civil penalties, and the cost of this action.  Paragraph 324 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 324 to the extent they are inconsistent with the underlying statutes and regulations.

325.    Paragraph 325 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 325 to the extent they are inconsistent with the underlying statutes and regulations.

326.    Paragraph 326 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 326 to the extent they are inconsistent with the underlying statutes and regulations.

327.    Defendant admits that, at times between 2011 and the present, a CVS subsidiary has sold and shipped pharmaceuticals to patients residing in the State of New Mexico.

328.   Defendant denies the allegations of Paragraph 328.

329.   Defendant denies the allegations of Paragraph 329.

330.   Defendant denies the allegations of Paragraph 330.

331.   Defendant denies the allegations of Paragraph 331.

332.   Defendant denies the allegations of Paragraph 332.

333.   Defendant denies the allegations of Paragraph 333.

334.   Defendant admits that Relator purports to bring this action on behalf of himself and the State of New Mexico pursuant to N.M. Stat. Ann. § 44-9-5 of the New Mexico Fraud Against Taxpayers Act.  Defendant lacks sufficient knowledge of Relator's claimed knowledge to admit or deny the allegations of Paragraph 334 and, on that basis, denies them.

335.   Paragraph 335 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 335 to the extent they are inconsistent with the underlying statutes and regulations.

### COUNT TWENTY-SEVEN

**Violations of the New York False Claims Act**
**State Finance Law § 187 *et seq.***

336.   Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 335 above.  Defendant admits that Relator purports to bring this action in the name of the State of New York under the *qui tam* provisions of the New York False Claims Act, N.Y. St. Fin. § 187 *et seq.*  Paragraph 336 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 336 to the extent they are inconsistent with the underlying statutes and regulations.

337.    Defendant admits that, at times between 2011 and the present, a CVS subsidiary has sold and shipped pharmaceuticals to patients residing in the State of New York.

338.    Paragraph 338 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 338 to the extent they are inconsistent with the underlying statutes and regulations.

339.    Defendant denies the allegations of Paragraph 339.

340.    Defendant denies the allegations of Paragraph 340.

341.    Defendant denies the allegations of Paragraph 341

342.    Defendant denies the allegations of Paragraph 342.

343.    Defendant denies the allegations of Paragraph 343.

344.    Defendant denies the allegations of Paragraph 344.

## COUNT TWENTY-EIGHT

### North Carolina False Claims Act
### N.C. Gen. Stat. §§ 1-605 *et seq.*

345.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 344 above.

346.    Defendant admits that Relator purports to bring this action under the North Carolina False Claims Act, pursuant to which Relator seeks treble damages and penalties. Paragraph 346 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 346 to the extent they are inconsistent with the underlying statutes and regulations.

347.    Defendant denies the allegations of Paragraph 347.

348.     Defendant denies the allegations of Paragraph 348.

349.     Defendant denies the allegations of Paragraph 349.

350.     Defendant denies the allegations of Paragraph 350.

351.     Defendant denies the allegations of Paragraph 351.

352.     Defendant denies the allegations of Paragraph 352.

## COUNT TWENTY-NINE

**Violations of the Oklahoma Medicaid False Claims Act
63 Okla. Stat. § 5053 *et seq.***

353.     Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 352 above.

354.     Defendant admits that Relator purports to bring this *qui tam* action on behalf of the State of Oklahoma under the Oklahoma Medicaid False Claims Act, 63 Okla. Stat. § 5053 *et seq.*, pursuant to which Relator seeks treble damages, civil penalties, and the cost of this action. Paragraph 354 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 354 to the extent they are inconsistent with the underlying statutes and regulations.

355.     Defendant denies the allegations of Paragraph 355.

356.     Paragraph 356 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 356 to the extent they are inconsistent with the underlying statutes and regulations.

357.     Defendant denies the allegations of Paragraph 357.

358.     Defendant denies the allegations of Paragraph 358.

359.    Defendant denies the allegations of Paragraph 359.

360.    Defendant denies the allegations of Paragraph 360.

361.    Defendant denies the allegations of Paragraph 361.

362.    Defendant denies the allegations of Paragraph 362.

363.    Defendant denies the allegations of Paragraph 363.

364.    Defendant denies the allegations of Paragraph 364.

365.    Defendant denies the allegations of Paragraph 365.

366.    Defendant denies the allegations of Paragraph 366.

367.    Defendant admits that Relator purports to bring this action on behalf of himself
and the State of Oklahoma pursuant to the Oklahoma Medicaid False Claims Act.  Defendant
lacks sufficient knowledge of Relator's claimed knowledge to admit or deny the allegations of
Paragraph 367 and, on that basis, denies them.

368.    Paragraph 368 purports to summarize statutory or regulatory provisions and to
state conclusions of law to which no response is required.  To the extent a response is required,
Defendant denies the allegations of Paragraph 368 to the extent they are inconsistent with the
underlying statutes and regulations.

## COUNT THIRTY

### Violations of the Rhode Island False Claims Act
### R.I. Gen. Laws § 9-1.1-1, *et seq.*

369.    Defendant repeats and incorporates by reference its responses to Paragraphs 1
through 368 above.

370.    Defendant admits that Relator purports to bring this *qui tam* action on behalf of
the State of Rhode Island under the Rhode Island False Claims Act, R.I. Gen. Laws § 9-1.1-1 *et
seq.*, pursuant to which Relator seeks treble damages, civil penalties, and the cost of this action.

Paragraph 370 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 370 to the extent they are inconsistent with the underlying statutes and regulations.

371.    Defendant denies the allegations of Paragraph 371.

372.    Paragraph 372 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 372 to the extent they are inconsistent with the underlying statutes and regulations.

373.    Defendant denies the allegations of Paragraph 373.

374.    Defendant denies the allegations of Paragraph 374.

375.    Defendant denies the allegations of Paragraph 375.

376.    Defendant denies the allegations of Paragraph 376.

377.    Defendant denies the allegations of Paragraph 377.

378.    Defendant denies the allegations of Paragraph 378.

379.    Defendant denies the allegations of Paragraph 379.

380.    Defendant denies the allegations of Paragraph 380.

381.    Defendant denies the allegations of Paragraph 381.

382.    Defendant denies the allegations of Paragraph 382.

383.    Defendant denies the allegations of Paragraph 383.

384.    Defendant admits that Relator purports to bring this action on behalf of himself and the State of Rhode Island pursuant to the Rhode Island False Claims Act. Defendant lacks

sufficient knowledge of Relator's claimed knowledge to admit or deny the allegations of Paragraph 384 and, on that basis, denies them.

385.     Paragraph 385 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 385 to the extent they are inconsistent with the underlying statutes and regulations.

## COUNT THIRTY-ONE

### Violations of the Tennessee Medicaid False Claims Act
### Tenn. Stat. § 75-1-181 *et seq.*

386.     Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 385 above.

387.     Defendant admits that Relator purports to bring this action in the name of the State of Tennessee under the *qui tam* provisions of the Tennessee Medicaid False Claims Act, Tenn. Stat. § 75-1-181 *et seq.*  Paragraph 387 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 387 to the extent they are inconsistent with the underlying statutes and regulations.

388.     Defendant admits that, at times between 2011 and the present, a CVS subsidiary has sold and shipped pharmaceuticals to patients residing in the State of Tennessee.

389.     Defendant denies the allegations of Paragraph 389.

390.     Defendant denies the allegations of Paragraph 390.

391.     Defendant denies the allegations of Paragraph 391.

392.     Defendant denies the allegations of Paragraph 392.

## COUNT THIRTY-TWO

### Violations of the Tennessee False Claims Act
### Tenn. Code Ann. § 4-18-101 *et seq.*

393.   Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 392 above.

394.   Defendant admits that Relator purports to bring this *qui tam* action on behalf of the State of Tennessee under the *qui tam* provisions of the Tennessee False Claims Act, Tenn. Code Ann. § 4-18-101 *et seq.*, pursuant to which Relator seeks treble damages, civil penalties, and the cost of this action.  Paragraph 394 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 394 to the extent they are inconsistent with the underlying statutes and regulations.

395.   Paragraph 395 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 395 to the extent they are inconsistent with the underlying statutes and regulations.

396.   Defendant denies the allegations of Paragraph 396.

397.   Defendant denies the allegations of Paragraph 397.

398.   Defendant denies the allegations of Paragraph 398.

399.   Defendant denies the allegations of Paragraph 399.

400.   Defendant admits that Relator purports to bring this action on behalf of himself and the State of Tennessee pursuant to Tenn. Code Ann. § 4-18-103.  Defendant lacks sufficient knowledge of Relator's claimed knowledge to admit or deny the allegations of Paragraph 400 and, on that basis, denies them.

401.    Paragraph 401 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 401 to the extent they are inconsistent with the underlying statutes and regulations.

## COUNT THIRTY-THREE

### Violations of the Texas Medicaid Fraud Prevention Act
### Tx. Human Resources Code, Ch. 36, § 36.101 *et seq.*

402.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 401 above.  Defendant admits that Relator purports to bring this action in the name of the State of Texas under the *qui tam* provisions of the Texas Medicaid Fraud Prevention Act, Tx. Human Resources Code, Ch. 36, § 36.101 *et seq.*  Paragraph 402 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 402 to the extent they are inconsistent with the underlying statutes and regulations.

403.    Defendant admits that, at times between 2011 and the present, a CVS subsidiary has sold and shipped pharmaceuticals to patients residing in the State of Texas.

404.    Defendant denies the allegations of Paragraph 404.

405.    Defendant denies the allegations of Paragraph 405.

406.    Defendant denies the allegations of Paragraph 406.

407.    Defendant denies the allegations of Paragraph 407.

## COUNT THIRTY-FOUR

### Vermont False Claims Act
### 32 V.S.A. §§ 630–642 *et seq.*

408.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 407 above.

409.     Defendant admits that Relator purports to bring this claim under the Vermont False Claims Act, pursuant to which Relator seeks treble damages and penalties.  Paragraph 409 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 409 to the extent they are inconsistent with the underlying statutes and regulations.

410.     Defendant denies the allegations of Paragraph 410.

411.     Defendant denies the allegations of Paragraph 411.

412.     Defendant denies the allegations of Paragraph 412.

413.     Defendant denies the allegations of Paragraph 413.

414.     Defendant denies the allegations of Paragraph 414.

## COUNT THIRTY-FIVE

### Violations of the Virginia Fraud Against Taxpayers Act
### Va. Stat. Ch. 842, Article 19.1, § 8.01–216.1 *et seq.*

415.     Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 414 above.  Defendant admits that Relator purports to bring this action in the name of the Commonwealth of Virginia under the *qui tam* provisions of the Virginia Fraud Against Taxpayers Act, Va. Stat. Ch. 842, Article 19.1, § 8.01-216.1 *et seq.*  Paragraph 415 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 415 to the extent they are inconsistent with the underlying statutes and regulations.

416.     Defendant admits that, at times between 2011 and the present, a CVS subsidiary has sold and shipped pharmaceuticals to patients residing in the Commonwealth of Virginia.

417.     Defendant denies the allegations of Paragraph 417.

418.     Defendant denies the allegations of Paragraph 418.

419.   Defendant denies the allegations of Paragraph 419.

420.   Defendant denies the allegations of Paragraph 420.

## COUNT THIRTY-SIX

### Washington Medicaid Fraud False Claims Act
### West's RCWA 43.131.0001 *et seq.*

421.   Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 420 above.

422.   Defendant admits that Relator purports to bring this claim under the Washington Medicaid False Claims Act, pursuant to which Relator seeks treble damages and penalties. Paragraph 422 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 422 to the extent they are inconsistent with the underlying statutes and regulations.

423.   Defendant denies the allegations of Paragraph 423.

424.   Defendant denies the allegations of Paragraph 424.

425.   Defendant denies the allegations of Paragraph 425.

426.   Defendant denies the allegations of Paragraph 426.

427.   Defendant denies the allegations of Paragraph 427.

## COUNT THIRTY-SEVEN

### New York City False Claims Act
### New York City Administrative Code § 7-801 - § 7-810

428.   No response is required to the allegations of Paragraph 428, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17–18.

429.    No response is required to the allegations of Paragraph 429, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17–18.

430.    No response is required to the allegations of Paragraph 430, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17–18.

431.    No response is required to the allegations of Paragraph 431, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17–18.

432.    No response is required to the allegations of Paragraph 432, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17–18.

433.    No response is required to the allegations of Paragraph 433, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17–18.

434.    No response is required to the allegations of Paragraph 434, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17–18.

## COUNT THIRTY-EIGHT

**City of Chicago False Claims Act**
**Municipal Code of Chicago § 1-22-010 - § 1-22-060**

435.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 434 above.

436.    Defendant admits that Relator purports to bring this action on behalf of the City of Chicago under the Chicago False Claims Act, Municipal Code of Chicago § 1-22-010 - § 1-22-060.  Paragraph 436 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 436 to the extent they are inconsistent with the underlying statutes and regulations.

437.    Defendant denies the allegations of Paragraph 437.

438.    Defendant denies the allegations of Paragraph 438.

439.    Defendant denies the allegations of Paragraph 439.

440.    Defendant denies the allegations of Paragraph 440.

441.    Defendant denies the allegations of Paragraph 441.

## <u>COUNT THIRTY-NINE</u>

**Violations of 19 Phila. Code § 3600, *et seq.***
**Knowingly presents or causes to be presented to an officer or employee a**
**false claim for payment or approval.**

442.    No response is required to the allegations of Paragraph 442, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17–18.

443.    No response is required to the allegations of Paragraph 443, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17–18.

444.    No response is required to the allegations of Paragraph 444, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17–18.

445.    No response is required to the allegations of Paragraph 445, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17–18.

446.    No response is required to the allegations of Paragraph 446, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17–18.

447.    No response is required to the allegations of Paragraph 447, which relate to counts that have been dismissed by this Court.  *See* D.E. 48 (May 2, 2023 Order); D.E. 47 (Memorandum) at 17–18.

## COUNT FORTY

**Violations of Allegheny County Code of Ordinances Chapter 485
Knowingly presents or causes to be presented to an officer or employee
a false claim for payment or approval**

448.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 447 above.

449.    Defendant admits that Relator purports to bring this *qui tam* action on behalf of Allegheny County, Pennsylvania under the Allegheny County False Claims Ordinance, pursuant to which Relator seeks treble damages, civil penalties, the cost of this action, and attorney's fees. Paragraph 449 purports to summarize statutory or regulatory provisions and state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 449 to the extent they are inconsistent with the underlying statutes and regulations.

450.    Paragraph 450 purports to summarize statutory or regulatory provisions and to state conclusions of law to which no response is required.  To the extent a response is required,

Defendant denies the allegations of Paragraph 450 to the extent they are inconsistent with the underlying statutes and regulations.

451.    Defendant denies the allegations of Paragraph 451.

452.    Defendant denies the allegations of Paragraph 452.

453.    Defendant denies the allegations of Paragraph 453.

## JURY DEMAND

454.    Relator's Jury Demand does not contain allegations to which a response is required.  To the extent a response is required, Defendant denies that Relator is entitled to a trial by jury and, on that basis, denies any and all allegations in the Jury Demand.

## PRAYER FOR RELIEF

455.    Relator's Prayer for Relief does not contain allegations to which a response is required.  To the extent a response is required, Defendant denies that Relator is entitled to any relief and, on that basis, denies any and all allegations in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

456.    Defendant asserts the following affirmative defenses.  Defendant undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Defendant also states that, in this Answer, it has not raised defenses relating to allegations or claims that were dismissed pursuant to the Court's Order of May 2, 2023, and Defendant reserves the right to rely upon additional defenses in the event that such allegations or claims are allowed to be reasserted in this action.  Further, Defendant reserves the right to amend this Answer if additional defenses, counterclaims, or third-party claims become apparent through the course of this action.  Further, Defendant reserves the right to assert any and all defenses on which it does not bear the burden of proof, including but not limited to the defense that Relator has failed to allege or cannot prove facts

sufficient to establish each element of Relator's claims, and the defense that Relator has failed to allege facts or a cause of action sufficient to support a claim for attorney's fees and costs, or treble damages.

### FIRST AFFIRMATIVE DEFENSE

457.    Relator fails to state a claim against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

458.    Relator's claims are barred, in whole or in part, by government knowledge and/or the doctrines of laches, waiver, and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

459.    Relator's claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

460.    Relator's asserted damages, if any, were caused in whole or in part by actions or inactions of parties other than Defendant or parties over whom Defendant had no authority or control.

### FIFTH AFFIRMATIVE DEFENSE

461.    Relator's claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that the federal and state governments, through Medicare and Medicaid programs, have reimbursed Defendant for dispensing the covered drugs to Medicare and Medicaid beneficiaries after the filing of the Complaint, and by failing to take any action despite their knowledge of the conduct.

### SIXTH AFFIRMATIVE DEFENSE

462.    Relator's claims for damages are barred, in whole or in part, to the extent that the statutes he seeks to enforce, or the damages and penalties he seeks to recover, violate CVS's

constitutional rights, including under the Excessive Fines, Appointments, Executive Vesting, and Take Care clauses, or any other constitutional provision.

Dated: June 15, 2023                              Respectfully submitted,

                                                  WILLIAMS & CONNOLLY LLP

                                                  /s/ *Enu Mainigi*

                                                  Enu Mainigi*
                                                  Craig Singer (PA State Bar No. 71394)
                                                  Holly Conley*
                                                  Benjamin Hazelwood*
                                                  Alexander Peerman*
                                                  Natalie A. Komrovsky*
                                                  680 Maine Avenue, S.W.
                                                  Washington, DC 20024
                                                  (202) 434-5000
                                                  emainigi@wc.com
                                                  csinger@wc.com
                                                  hconley@wc.com
                                                  bhazelwood@wc.com
                                                  apeerman@wc.com
                                                  nkomrovsky@wc.com
                                                  * *pro hac vice*

                                                  *Attorneys for Defendant CVS Health Corp.*

**<u>CERTIFICATE OF SERVICE</u>**

I, Craig D. Singer, hereby certify that on this 15th day of June, 2023, a copy of the

foregoing was electronically filed with the Clerk of Court using the CM/ECF system.  The

foregoing is available for viewing and downloading from the CM/ECF system, which will also

send email notification of such filing to all attorneys of record in this action.


 /s/ Craig D. Singer_____