**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STAN ELLIS** *et al.* | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 16-1582** |
| | : | |
| **CVS HEALTH CORPORATION** *et al.* | : | |

**McHUGH, J.**                                                                                               **June 22, 2026**

**MEMORANDUM**

This is an action brought under the False Claims Act involving medications, in which non-party manufacturers have produced  documents under seal pursuant to subpoenas.[1] I conclude that some of the documents produced may fairly be described as containing trade secrets, and to respect the interests of those manufacturers will direct that only a redacted version of my memorandum opinion addressing summary judgment be accessible to the public on ECF.  The redaction is minimal, comprising 23 lines and one number, roughly 1 page in total, out of a 25-page memorandum.

There is a strong presumption of public access to judicial records,  *see In re Avandia Mktg., Sales Pracs. and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019), but that presumption may be rebutted, *see, e.g.*, *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660–62 (3d Cir. 1991).  This rebuttal requires showing "the compelling, countervailing interests to be protected," making "specific findings on the record concerning the effects of disclosure," and "provid[ing] an opportunity for interested third parties to be heard." *In re Cendant Corp.*, 260 F.3d at 194.

---

[1] *See, e.g.*, ECF 124 & ECF 242.

Here, ample reason exists to redact specific data from Abbvie, Teva, and Amgen's stability studies.  First, the Third Circuit has repeatedly held that "courts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'" *Avandia* at 679 (quoting *Westinghouse*, 949 F.2d at 662).  The pharmaceutical companies have amply and repeatedly briefed the economic risk that the research methods and findings pose to their operations, including the competitive pressure from makers of generic versions of their drugs.  Relatedly, the manufacturers' studies contain trade secrets, and "[d]ocuments containing trade secrets or other confidential business information may be protected from disclosure." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993);  *see also Littlejohn v. BIC Corp.*, 851 F.2d 673, 685 (3d Cir. 1988).  Finally, there is no clear public interest to be served by revealing the specific data from the manufacturer's studies: the data implicates no public official or institution, and no party has presented any public interest in revealing this data.  Therefore, a minimal redaction of the specific data effectively preserves the balance between private interests and any public interests.  *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994).

I can discern no third party to whom notice needs to be given before sealing and publishing a redacted memorandum.  Should any non-party seek access to the confidential information now redacted, they may file the appropriate motion with notice to the manufacturer affected by the request.

/s/ Gerald Austin McHugh
United States District Judge

2